FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 JAN 14  A 11: 32

CLERK'S OFFICE
AT BALTIMORE

_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RELIABLE LIQUORS, INC. | * | |
| | * | |
| v. | * | CIVIL NO. JFM-02-3854 |
| | * | |
| TRUCK DRIVERS & HELPERS | * | |
| LOCAL UNION NO. 355 PENSION | * | |
| FUND, et al. | * | |

\*\*\*\*\*

MEMORANDUM

Plaintiff, Reliable Liquors, Inc. ("Reliable") has instituted this action against Truck Drivers & Helpers Local Union No. 355 Pension Fund ("Fund") and Joint Board of Trustees of Truck Drivers & Helpers Local Union No. 355 Pension Fund ("Trustees") under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1381, *et seq.* ("MPPAA"). Reliable seeks injunctive relief compelling defendants to provide information regarding the calculation of Reliable's withdrawal liability under 29 U.S.C. § 1401(e) and to extend the statutory deadline for requesting review pursuant to 29 U.S.C. § 1399(b)(2)(A). Now pending before me are Reliable's renewed motion for a temporary restraining order and defendants' motion to dismiss. For the reasons stated below, I will deny the renewed motion for a temporary restraining order and grant the motion to dismiss.

I.

The Fund is a multiemployer pension plan within the meaning of the MPPAA. The Board of Trustees governs the Fund and is the "plan sponsor" of the Fund under the MPPAA. For several years, Reliable contributed to the Fund on behalf of its employees. In 2002,



however, Reliable closed business and ceased making contributions to the Fund.

On September 3, 2002, in accordance with § 1399 of the MPPAA, defendants sent a letter to Reliable, informing it of its withdrawal liability in the amount of $895,383.00 to be paid in 28 quarterly installments of $38,882.00, followed by a final payment of $16,309.00. On September 30, 2002, Reliable's counsel sent a letter to defendants, requesting detailed information under 29 U.S.C. § 1401(e) to enable Reliable to evaluate defendants' computations of withdrawal liability.

On November 21, 2002, defendants' counsel produced three documents to the plaintiff: (1) the January 1, 2001 Plan Document; (2) the Actuarial Valuation for January 1, 2002; and (3) a page documenting Reliable's contribution history and the aggregate contribution history of all employers since 1982. Defendants refused to provide the majority of documents and information requested by Reliable, including defendants' computations of Reliable's withdrawal liability. On November 25, 2002, Reliable filed this action.

II.

29 U.S.C. § 1399(b) provides as follows:

(1) As soon as practicable after an employer's complete or partial withdrawal, the plan sponsor shall —

(A) notify the employer of —

(i) the amount of the liability, and

(ii) the schedule for liability payments, and

(B) demand payment in accordance with the schedule.

(2)(A) No later than 90 days after the employer receives the notice described in paragraph (1), the employer —

(i) may ask the plan sponsor to review any specific matter relating to the determination of

the employer's liability and the schedule of payments,

    (ii) may identify any inaccuracy in the determination of the amount of the unfunded vested benefits allocable to the employer, and

    (iii) may furnish any additional relevant information to the plan sponsor.

Reliable asks that the 90 day deadline set by § 1399(b)(2)(A) be indefinitely extended and that it be provided with certain information by defendants. Its request is based upon 29 U.S.C. § 1401(e), which provides:

> If any employer requests in writing that the plan sponsor make available to the employer general information necessary for the employer to compute its withdrawal liability with respect to the plan (other than information which is unique to that employer), the plan sponsor shall furnish the information to the employer without charge. If any employer requests in writing that the plan sponsor make an estimate of such employer's potential withdrawal liability with respect to the plan or to provide information unique to that employer, the plan sponsor may require the employer to pay the reasonable cost of making such estimate or providing such information.

Reliable misreads § 1401(e). When considered in the context of the full statutory scheme, it is clear that this section applies where an employer has not yet decided whether to withdraw from the plan. Section 1401(e)'s first sentence authorizes an employer to obtain free of charge the "general information" it needs "to compute its withdrawal liability" when making its withdrawal decision. The section's second sentence further authorizes the employer to obtain from the plan sponsor "an estimate of . . . [its] potential withdrawal liability" or "to provide information unique to that employer." However, in light of the fact that the plan sponsor would be conferring upon the employer a professional service in making such an estimate or providing the unique information, the plan sponsor "may require the employer to pay the reasonable cost of making such estimate or providing such information."

Here, Reliable is not in the process of deciding whether or not to withdraw from the plan. It has already made that decision and has withdrawn. Therefore, § 1401(e) does not apply. Instead, the procedure set forth in § 1399(b) is applicable. That procedure permits Reliable, *inter alia*, to "furnish any additional relevant information to the plan sponsor" but does not require the plan sponsor to furnish any additional information to Reliable. *Debreceni v. Merchants Terminal Corp.*, 740 F. Supp. 894, 899 (D. Mass.), *aff'd*, 889 F.2d 1 (1st Cir. 1989). Reliable can obtain any relevant information to which it is entitled if it demands arbitration under § 1401(a)(1). Reliable has no right, however, to obtain such information now. Section 1399(b) does not so provide, and interpreting §1401(e) as conferring such a right would undermine the 90-day deadline established by § 1399(b)(2)(A). *Cf. I.A.M. National Pension Fund v. Clinton Engines Corp.*, 825 F.2d 415, 416 (D.C. Cir. 1987) ("At the heart of the MPPAA's regime are provisions for informal, *expeditious* resolution of withdrawal liability disputes.") (emphasis added); *Mangan v. Owens Truckmen, Inc.*, 715 F. Supp. 436, 440 (E.D.N.Y. 1989) ("Congress spoke clearly regarding the forum in which certain withdrawal liability determinations were to take place and the time limitations for seeking such determinations . . . .").

Because I find that Reliable has failed to state a claim upon which relief can be granted, it obviously may not obtain a temporary injunction. A separate order effecting my rulings is being entered herewith.[1]

---

[1] Defendants have requested attorneys' fees and costs. The request is denied. Although I find the issue to be clear cut, Reliable's position is supported by the only reported case, *John J. Nissen Baking Co., Inc. v. New England Teamsters & Trucking Indus. Pension Fund*, 737 F. Supp. 679 (D. Me. 1990). Moreover, my decision is based in large part upon my interpretation of § 1401(e) as applying only in a situation where the employer has not yet made a decision as to whether to withdraw from the plan. Defendants have not specifically advanced that interpretation.

Date: January 14, 2003

_____
J. Frederick Motz
United States District Judge